**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| BRETT STANSBERRY, | : | |
| *Plaintiff,* | : | Case No. 1:23-cv-568 |
| | : | |
| vs. | : | Judge Jeffery P. Hopkins |
| | : | |
| ESQUIRE THEATRE, | : | |
| *Defendant.* | : | |
| | : | |

---

## ORDER ADOPTING REPORT AND RECOMMENDATION

---

This matter is before the Court on the Report and Recommendation issued by Magistrate Judge Karen L. Litkovitz on October 25, 2023. Doc. 8. After performing an initial screen of Plaintiff's Complaint (Doc. 7) pursuant to 28 U.S.C. § 1915(e)(2), the Magistrate Judge recommends that this Court dismiss Plaintiff's Complaint in its entirety for failure to state a claim on which relief may be granted. Plaintiff has filed objections. Doc. 10.

For the reasons set forth below, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the Report and Recommendation in its entirety. The Court thus **DISMISSES** Plaintiff's Complaint with prejudice and **CERTIFIES** that any appeal would be frivolous.

### I.      LAW AND ANALYSIS

A district judge must review *de novo* any objections to a magistrate judge's report and recommendation. Fed. R. Civ. P. 72(b)(3). Review applies only to "any portion to which a proper objection was made." *Richards v. Colvin*, No. 2:12-cv-748, 2013 WL 5487045, at *1 (S.D. Ohio Sept. 30, 2013). If presented with a proper objection, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the

matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). General or unspecific objections are treated the same as a failure to object. *Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object."); *see Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Having carefully reviewed the comprehensive findings and conclusions of the Magistrate Judge and considered *de novo* all filings in this case, with particular attention to the issues as to which Plaintiff lodged objections, the Court determines that the Report and Recommendation should be adopted.

The majority of Plaintiff's contentions are not viewed as formal objections to the Report and Recommendation because they relate solely to Plaintiff's interactions with police and courthouse personnel during the pendency of this and his other cases. These contentions are not relevant to the merits of this case, and therefore need not be addressed here.

To the extent that Plaintiff argues in his objections that he brings this case pursuant to 18 U.S.C. § 1983, the Court acknowledges that such claims would fall squarely within federal question jurisdiction. Even so, this Court agrees with the Magistrate Judge that Plaintiff fails to state a claim. The entirety of Plaintiff's complaint states as follows:

> The employees and customers at Esquire are not only going on at length with talk about me being a pedophile and a paranoid while also talking about personal history that includes things that are happening at home. Before threatening me during the movie and playing psych games like they are tring [*sic*] to brain wash me. Before harassing me more on the way out.

Doc. 7, PageID 30. These allegations amount to no "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," which is insufficient to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Further, Plaintiff may not sue Esquire Theatre, a purely private party, under Section 1983. *Brotherton v. Cleveland*, 173 F.3d 552, 567 (6th Cir. 1999). Instead, a defendant like Esquire Theatre, may only be held liable under Section 1983 if they were acting under the color of state law. 42 U.S.C. § 1983. To the extent that Plaintiff attempts to suggest that Esquire Theatre was acting under the color of state law because Esquire Theatre had interactions with police, this too fails to state a claim. Private conduct does not equate to state conduct just because the private actor uses public services. *Dressler v. Rice*, 739 F. App'x 814, 824 (6th Cir. 2018) (citing *Lansing v. City of Memphis*, 202 F.3d 821, 831 (6th Cir. 2000)).

For these reasons, Plaintiff's objections are not well-taken.

## II.    CONCLUSION

Accordingly, it is hereby **ORDERED** that Plaintiff's objections (Doc. 10) are **OVERRULED**, that the Report and Recommendation (Doc. 8) is **ADOPTED** in its entirety, and that the Complaint (Doc. 7) be **DISMISSED** with prejudice. For the reasons stated in the Report and Recommendation and pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal of this Order would lack an arguable basis in law or in fact and thus would not be taken in good faith. The Court accordingly **DENIES** Plaintiff leave to appeal *in forma pauperis*. In accordance with Fed. R. App. P. 24(a)(5), Plaintiff remains free to file a motion for leave to proceed on appeal *in forma pauperis* in the Sixth Circuit Court of Appeals. *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

**IT IS SO ORDERED.**

Dated:  June 6, 2024

Hon. Jeffery P. Hopkins
United States District Judge

3